In the Matter of JOHN J. KIM, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 17, 1992

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Khadijah Muhammad-Starling* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with four

allegations of professional misconduct. The Special Referee sustained all four charges. The petitioner moves to confirm the report of the Special Referee. The respondent has not appeared with respect to the motion to confirm.

Charge One alleged that the respondent converted the sum of $19,500 from his escrow account. The respondent had been entrusted with that sum, which represented a down payment on real property being sold by Muhammad and Selima Islam, his clients. The respondent deposited that sum into his Citibank Special Account on September 23, 1987. On October 9, 1987, the balance in that account was only $972.25.

Charge Two alleged that the respondent engaged in a conflict of interest. In addition to his attorney's fee, the respondent also requested that the Islams pay a $15,000 commission to Dongah Realty. The respondent was the principal of Dongah Realty and would have benefited directly from the payment of the brokerage commission.

Charge Three alleged that between July 14 and September 1, 1987, the respondent issued four checks drawn upon his escrow account, totaling $18,851.59. The checks failed to clear the escrow account when presented for payment.

Charge Four alleged that respondent improperly retained, for his personal benefit, interest earned on funds deposited in his "Special Account." He also made improper "cash" withdrawals from that account on numerous occasions.

After reviewing all of the evidence, particularly the detailed and extensive bank records and proof of the respondent's ownership of Dongah Realty, we find that the Special Referee properly sustained all of the charges of misconduct alleged against the respondent. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining the appropriate measure of discipline to impose, we have taken into consideration the admission by the respondent of his conversion of clients' funds, his explanation that he had used escrow funds to provide a loan to an old friend, and his allegedly forceful detention in Korea. Nevertheless, the respondent is guilty of serious professional misconduct which warrants his disbarment.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective

immediately, the respondent John J. Kim is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent John J. Kim is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.